**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**
**CIVIL ACTION NO. 15-143-WOB-JGW**

**S.R., et al.** **PLAINTIFFS**

**v.**

**KENTON COUNTY SHERIFF'S OFFICE, et al.** **DEFENDANTS**

**MEMORANDUM ORDER**

As discussed in the Court's March 4, 2016 minute entry order (doc. 85) the parties have reached an agreement regarding the discoverability of all state court juvenile records submitted for in camera review (doc. 61) except a June 2010 letter. After hearing counsel's oral arguments during the March 4 conference call and examining the record and applicable law, the Court concludes the letter in question is discoverable.

Among the allegations in plaintiffs' complaint is that the handcuffing episodes were improper and, consequently, caused plaintiffs to suffer emotional distress. *See* Doc. 1, p. 9 ("Plaintiff S.R. experienced physical pain and significant emotional distress during the November 13, 2014 handcuffing. Thereafter, as a result of the handcuffing, he suffered and continues to suffer emotional distress."). Defendants seek to use the letter to explore plaintiff S.R.'s emotional state of mind; plaintiffs contend the letter is irrelevant since it has nothing to do with the handcuffing itself.

Plaintiffs are correct in that the letter does not pertain to the handcuffing episode itself. Indeed, the focus of the letter is not on plaintiff S.R. Instead, the letter discusses whether one of S.R.'s siblings should be placed in the permanent custody of her grandparents. Within the letter, however, is a description of the substandard living conditions S.R. and some of his family

members were then experiencing.

A plaintiff "cannot assert a claim for emotional distress and introduce evidence which supports her theory of causation, while simultaneously depriving defendants' expert of information which could lead to an alternative explanation of the cause of her emotional distress." *United States v. Crawford*, 1999 WL 33921851, at *3 (N.D. Ohio Feb. 4, 1999). Therefore, generally, a plaintiff claiming to have suffered emotional trauma places her state of mind at issue, meaning that she has "opened herself up to discovery of any past situations, behaviors, or actions which are relevant to that claim." *Id.*

The letter in question contains information regarding plaintiff S.R.'s poor living conditions in 2010. The letter's direct bearing on the events at issue is minimal, at best. Indeed, perhaps evidence regarding S.R.'s living conditions in 2010 will prove ultimately to be inadmissible. However, at this juncture in the proceedings the Court cannot say that there is no reasonable possibility that the letter will not lead to the introduction of admissible evidence, particularly as defendants indicated they have an expert who wishes to use the letter to assess S.R.'s state of mind before and after the handcuffing incident. Moreover, the letter has already been produced and thus obtaining and using it will be neither disproportionate to the needs of the case nor should it cause any party to suffer an undue burden or expense.[1] In short, given the liberal standards of discovery, the letter is discoverable. Because the letter contains sensitive and private information, its usage is subject to the extant protective order. Doc. 65.

1 As recently amended, Fed.R.Civ.P. 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Accordingly,

**IT IS ORDERED:**

The June 10, 2010 letter from the Cabinet for Health and Family Services to Kenton County Family Court Judge Mehling[2] is discoverable. The parties also may arrange with the Clerk of Court to obtain copies of all state court records previously submitted for in camera review which the parties have agreed are discoverable. The usage of state court records in discovery shall occur subject to the extant protective order.

This the 7th day of March, 2016.

**Signed By:**
***J. Gregory Wehrman*** J.G.W.
**United States Magistrate Judge**

2 Curiously, page one of the letter states that it pertains to "Case no: 04-J-01170-002" but pages two and three of the letter bear the heading "Case no: 09-J-01038-001[.]"